UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PEREZ VALERO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 1:20-cv-00974-GSA<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF**<br><br>**(Doc. 19)** |

**I.**　　**Introduction**

Plaintiff Nicholas Perez Valero ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income pursuant to Title XVI of the Social Security Act. The matter is before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[1] *See* Docs. 19, 20. After reviewing the record the Court finds that substantial evidence and applicable law support the ALJ's decision. Plaintiff's appeal is therefore denied.

**II.**　　**Factual and Procedural Background**[2]

On September 30, 2016 Plaintiff applied for benefits alleging disability as of February 15, 2014 due to depression, anxiety, high blood pressure, low back pain, major depressive disorder, and generalized anxiety disorder. AR 236. The Commissioner denied the applications initially on April 24, 2017 and on reconsideration on July 17, 2017. AR 81, 92.

Plaintiff requested a hearing which was held before an Administrative Law Judge (the "ALJ") on February 13, 2019. AR 38–80. On March 29, 2019 the ALJ issued a decision denying

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. *See* Docs. 8 and 9.
[2] The Court has reviewed the administrative record including the medical, opinion and testimonial evidence about which the parties are well familiar. Relevant portions thereof will be referenced in the course of the analysis below when relevant to the arguments raised by the parties.

Plaintiff's application. AR 23–32. The Appeals Council denied review on May 27, 2020. AR 1–7. On July 14, 2020 Plaintiff filed a complaint in this Court. Doc. 1.

### III. The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits. "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted). Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted). When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and internal quotation marks omitted). If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted). "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a

sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy, given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

## VI.   The ALJ's Decision

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date of September 30, 2016. AR 26. At step two the ALJ found that Plaintiff had the following medically determinable impairments: anxiety disorder, depressive disorder, low back pain, degenerative joint disease, hypertension, substance abuse (methamphetamine), alcohol abuse, chronic obstructive pulmonary disease/asthma, obesity, infection of the skin and subcutaneous tissue, diabetes mellitus, and right knee pain. AR 26. The ALJ also determined at step two that Plaintiff did not have an impairment or combination of impairments that had significantly limited (or was expected to significantly limit) his ability to perform basic-work related activities for 12 consecutive months, thus Plaintiff did not have a severe impairment or combination thereof. AR 26. Accordingly, the ALJ concluded that Plaintiff was not disabled since his application date of September 30, 2016. AR 32.

## VII.   Issues Presented

Plaintiff contends that the ALJ erred in finding his impairments non-severe at step two and rejecting the opinions of his treating nurse practitioners.

A.     **Applicable Law**

At step two of the five-step process, plaintiff has the burden to provide evidence of a medically determinable physical or mental impairment that is severe and that has lasted or can be expected to last for a continuous period of at least twelve months. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004–05 (9th Cir. 2005) (*citing* 42 U.S.C. § 423(d)(1)(A)). A medically determinable physical or mental impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques," and will not be found based solely on the claimant's statement of symptoms, a diagnosis or a medical opinion. 20 C.F.R. § 404.1521.

Step two is "a de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). A "severe" impairment or combination of impairments is one that significantly limits physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520. An impairment or combination of impairments should be found to be "non-severe" only when the evidence establishes merely a slight abnormality that has no more than a minimal effect on an individual's physical or mental ability to do basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); 20 C.F.R. §§ 404.1522, 416.922. "Basic work activities" mean the abilities and aptitudes necessary to do most jobs, including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling, and mental functions such as the ability to understand, carry out, and remember simple instructions, deal with changes in a routine work setting, use judgment, and respond appropriately to supervisors, coworkers, and usual work situations. 20 C.F.R. § 404.1522, 416.922.

When reviewing an ALJ's findings at step two the Court "must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." *Webb*, 433 F.3d at

687 (citing *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here.")).

A treating physician's opinion is entitled to controlling weight when well supported by clinical evidence and not inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(2). Such opinions can only be rejected for "clear and convincing" reasons (if uncontradicted), or "specific and legitimate reasons" (if contradicted). *Lester*, 81 F.3d at 831.

Unlike the opinions of treating physicians, the opinions of "other" treating sources (such as nurse practitioners) are not entitled to special weight. An ALJ may reject the opinions of "other" sources, such as nurse practitioners, by giving "reasons germane to each witness for doing so," the same standard applicable to an ALJ's evaluation of lay witness testimony.[3] *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded by regulation on other grounds*; *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1224 (9th Cir. 2010). Factors used to evaluate the opinions of "other" medical sources include: (1) examining relationship; (2) length of treatment relationship and frequency of examination; (3) supportability of opinion; (4) consistency with the record; (5) specialization; and (6) other factors supporting or contradicting the opinion. 20 C.F.R. § 404.1527(c) and (f)(1).

The opinion of a non-examining physician (such as a state agency physician) may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

---

[3] As of the March 27, 2017 regulation revisions (which are not applicable to Plaintiff's September 30, 2016 claim) certain sources previously categorized as "other" sources are now considered acceptable medical sources who can render a medical opinion, including nurse practitioners and physician's assistants. *See* 20 C.F.R. §§ 416.902(d), 416.913(a)(2).

## 2. Analysis

### a. Physical Impairments

Plaintiff's treating nurse practitioner, F.N.P Go, opined that Plaintiff's physical impairments posed substantial limitations including: medium exertional lifting capacity with a sit/stand option, various postural and environmental restrictions, cane use needed for ambulation, off task 25% of the time, and absent from work more than 4 days per month. AR 510. The ALJ assigned little weight to this opinion because F.N.P Go was not an acceptable medical source and because her opinion was inconsistent with the medical evidence and Plaintiff's activities of daily living. AR 31.

Although Plaintiff correctly observes that F.N.P Go's status as a non-acceptable medical source was not an independently sufficient reason to reject her opinion, a comparatively lower standard does apply to the ALJ's evaluation of that opinion than would otherwise apply had the opinion come from an acceptable medical source (such as a licensed physician or osteopath), as explained above. Inconsistency with medical evidence and reported activities of daily living are both germane reasons to reject an "other" source opinion, such as the opinion of a nurse practitioner. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); 20 C.F.R. § 416.929(c)(3)(i).

Plaintiff incorrectly contends that the only reasoning the ALJ gave for discounting F.N.P Go's opinion was a "blanket assertion" that it was inconsistent with medical evidence and Plaintiff's daily activities. Br. at 16. That may have been the only reason specifically articulated in the paragraph of the ALJ's opinion in which she addressed F.N.P. Go's opinion. However, Plaintiff largely disregards the ALJ's more detailed analysis earlier in the decision where the ALJ explained the reasoning for concluding Plaintiff's impairments were non-severe. That reasoning was equally applicable to the ALJ's related decision to reject F.N.P. Go's contrary opinion. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not

deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

First, as to Plaintiff's obesity, skin infection, COPD, hypertension, and diabetes mellitus, the ALJ found them non-severe because: 1) there was no evidence of obesity related complications, periods of exacerbation, or allegation that it caused limitations; 2) Plaintiff had only one visit for his skin infection which was treated conservatively; 3) examinations generally noted normal respiration notwithstanding some documented wheezing; and, 4) Plaintiff had a history of non-compliance with hypertension medication. AR 28. Plaintiff does not acknowledge or dispute the ALJ's discussion of these impairments, nor does Plaintiff specifically contend that any of the aforementioned impairments, individually or in combination, significantly limited his ability to perform work related activities for a period of 12 consecutive months. Accordingly, there is no basis to question the ALJ's conclusion that these impairments were non-severe under 20 C.F.R 416.922.

As to Plaintiff's low back pain, degenerative joint disease, and right knee pain, the ALJ also found them non-severe. The ALJ acknowledged the pertinent objective evidence establishing these medically determinable impairments, including: 1) knee x-rays showing degenerative changes; 2) thoracic and lumbar x-rays showing multiple mild compression through L1-L3 and degenerative changes; and, 3) examination findings noting limited range of motion in the lumbar spine. AR 28. The ALJ then noted countervailing medical evidence including: 1) generally unremarkable physical examinations; 2) normal extremities; 3) normal range of motion in the lumbar spine without spasms; 4) normal musculoskeletal range of motion; 5) normal gate; and, 6) nothing beyond conservative treatment measures. AR 28.

Plaintiff underscores a variety of objective evidence which he contends supports a finding of severe impairments, including: 1) February 2016 examination notes reflecting limited lumbar and paravertebral ROM; 2) March 2017 examination notes reflecting limited lumbar ROM; 3)

August 2017 thoracic and lumbar spine x-rays showing degenerative changes and compression of L1 through L3; 4) August 2017 knee x-ray showing degenerative changes, narrowing and osteophytes; 5) August 2017 examination notes reflecting limited lumbar ROM; 6) August 2018 CT results showing lumbar disc degeneration and progression of osteophyte formation; and, 7) January 2019 records showing limited back and knee ROM.  Br. at 11-15, Doc. 19.

Plaintiff contends that the ALJ overlooked the pertinent records and/or impermissibly cherry picked from the medical record by focusing on some records at the expense of others.  Br. at 17.  The contention is not well taken.  The ALJ specifically identified most of the records Plaintiff underscores and the pertinent findings therefrom, as summarized above.  Plaintiff does correctly observe that, as to the January-February 2019 examinations at Valley Family Medical Clinic, the ALJ only noted that Plaintiff had normal extremities, but neglected to acknowledge the note on the very same page reflecting limited ROM in his lumbar and paravertebral area.  AR 31 (citing AR 501).  Nevertheless, the ALJ did acknowledge a separate instance of limited lumbar ROM, one instance of normal lumbar ROM, and one instance of full musculoskeletal ROM.  AR 28.  The ALJ's failure to specifically identify a fourth range of motion examination did not constitute impermissible cherry picking of the record.  Even assuming the ALJ inadvertently overlooked or intentionally ignored the record in question, one additional instance of abnormal lumbar ROM would not tip the scales the other way.  The ALJ appropriately identified other lumbar range of motion examinations of both varieties (normal and abnormal) and reasonably concluded that, on balance, the records did not support a finding of a severe back impairment.  *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted) (noting that affirmance is appropriate where the evidence could reasonably support two conclusions).

The ALJ also discussed Plaintiff's testimony concerning his physical limitations and his daily activities.  The ALJ acknowledged Plaintiff's reported limitations included difficulty with

sitting, standing and walking for extended periods; difficulty with postural movements; and, difficulty carrying heavy weight. AR 27. The ALJ then noted Plaintiff's countervailing testimony as to his daily activities, including "taking his medications, going to appointments, showering and bathing, taking public transportation, watching T.V., shopping with his wife, and helping his wife with chores such as cleaning the dishes, cleaning rooms, making beds, taking out the trash, or sweeping." AR 27. On balance, the ALJ reasonably concluded that the impairments were non-severe because the evidence demonstrated no more than slight abnormalities with minimal effect on Plaintiff's ability to meet the demands of work activity. AR 27 (citing 20 CFR 416.922).

Plaintiff further contends that the ALJ's description of his daily activities was misleading. First, as to his testimony that he does various chores, Plaintiff emphasizes his countervailing testimony that he lived in a single room house with minimal work to be done. Br. at 17 (citing AR 62, 69). As such, he was "not making multiple beds or cleaning multiple rooms." *Id.* Second, as to his testimony that he accompanies his wife to the grocery store, Plaintiff emphasizes that he never directly stated he participated in the shopping, only that he accompanied her to the store. *Id.* Third, Plaintiff contends that none of his reported activities suggest an ability to work full-time. *Id.*

Given that the ALJ may not have captured every subtlety in Plaintiff's testimony, the ALJ's description of the same was not misleading. Even though Plaintiff's daily activities did not establish an exceptionally high level of functioning they reasonably supported the ALJ's conclusion that his impairments were not severe. *See Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) ("gardening and community activities . . . did not suggest Valentine could return to his old job," but "did suggest that Valentine's later claims about the severity of his limitations were exaggerated.").

Finally, the ALJ's conclusion was supported by the opinions of the non-examining state agency physicians who reviewed Plaintiff's treatment record and concluded that his impairments

were not severe. AR 86-89, 96-102; *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (noting that the opinion of a non-examining physician (such as a state agency physician) may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record.").

In sum, the ALJ's conclusion that Plaintiff's physical health impairments were non-severe was supported by substantial evidence, and his related decision to reject F.N.P. Go's opinion was supported by germane reasons.

### b. Mental Impairments

Plaintiff's other treating nurse practitioner, D.N.P Bastien, opined that Plaintiff's mental impairments of schizophrenia, paranoia, and opiate use disorder posed significant limitations with respect to concentration, judgment, his ability to work with supervisors, co-workers, or the public, and his ability to adapt to common stressors. AR 447–48. The ALJ rejected this opinion as generally inconsistent with his reported activities of daily living, the same activities the ALJ cited in rejecting F.N.P Go's opinion as summarized above. AR 31.

The ALJ also provided two additional specific reasons for rejecting D.N.P Bastien's opinion, namely: 1) that "Mr. Bastien stated that the claimant's mental symptoms are exacerbated by opiate or illicit drug use," addictions which are now in remission; and, 2) D.N.P. Bastien opined that claimant's condition would improve in the next 12 months or less with medication compliance and abstinence from drug use. *Id.* Plaintiff does not specifically acknowledge or dispute this reasoning. On a related note, Defendant raises three pertinent arguments in his response (to which Plaintiff did not reply), including: 1) that an award of disability benefits is precluded if drug or alcohol abuse is "a contributing factor material to the Commissioner's determination that the individual is disabled"; 2) that the ALJ appropriately found the substance abuse disorders non-severe considering Plaintiff testified he stopped using after his release from prison; and, 3) that the

ALJ appropriately found that the impairments did not meet the 12-month durational requirement of 20 C.F.R. §§ 416.909, considering Ms. Bastien's opinion that his "impairments were not expected to last even 12 months provided he complied with his medication and refrained from substance abuse." Resp. at 12–13 Doc. 20 (citing *Parra v. Astrue*, 481 F.3d 742, 744, 746 (9th Cir. 2007) (noting that benefits award is precluded where substance abuse is a contributing factor to disability); 42 U.S.C. § 423(d)(2)(C) (same); 20 C.F.R. § 416.935 (describes how the agency determines whether drug addiction or alcoholism is a contributing factor material to the determination of disability).

Although Plaintiff did not address these issues in his opening brief, nor did he file a reply brief addressing Defendant's response, a few clarifications are nevertheless in order.

First, contrary to Defendant's implication, the ALJ did not overtly make a finding that substance abuse was a contributing factor to Plaintiff's mental health impairments, or indicate that he found the impairments non-severe on that basis. However, the ALJ was arguably justified in rejecting D.N.P Bastien's opinion insofar as: 1) D.N.P. Bastien opined Plaintiff's mental health impairments were disabling; 2) D.N.P. Bastien identified substance abuse as a contributing factor to those mental health impairments; and, 3) accepting both propositions as true would lead to a finding of non-disability under 42 U.S.C. § 423(d)(2)(C) which precludes a finding of disability where alcoholism or drug addiction is a contributing factor.

Second, Defendant is not precisely accurate in his contention that D.N.P Bastien opined Plaintiff's mental impairments "were not expected to last *even 12 months*" provided he abstained from substance abuse and complied with medication. Resp. at 14 (emphasis added). Nor is the ALJ correct if that is the inference he drew from D.N.P Bastien's opinion. The mental disorder questionnaire completed by D.N.P. Bastien in fact asked "is the patient's condition likely to

improve in the next *12 months or less*?" to which Ms. Bastien responded "yes."[4] AR 448 (emphasis added). Given the phrasing of the question, Ms. Bastien's affirmative response is consistent with the notion that the impairments could last 12 months ("12 months or less") even with abstinence from substances and medication compliance. If the impairments lasted for exactly 12 months they would meet the durational requirement of 20 C.F.R. §§ 416.920, which requires the impairment to last "at least 12 months."

Moreover, the questionnaire asked if the symptoms will "improve," not if the impairment will resolve entirely. Improvement does not imply complete resolution of the underlying mental health condition, nor does it necessarily imply the impairment will sufficiently improve to render it non-severe. Simply put, the phraseology of the question does not facilitate the purpose for which Defendant and the ALJ attempted to use it, namely to support a finding that Plaintiff's mental health impairments were non-severe.

Nevertheless, earlier in his decision the ALJ provided a detailed independent analysis of Plaintiff's mental health records in support of the conclusion that Plaintiff's mental impairments were non-severe. That analysis was equally applicable to the ALJ's subsequent decision to reject D.N.P. Bastien's contrary opinion, even though Plaintiff focuses exclusively on the latter. The fact that the ALJ gave additional specific reasoning for rejecting a treating provider's opinion does not render the ALJ's remaining discussion inapplicable.

The ALJ concluded that Plaintiff had no more than mild limitations in the four broad areas of mental functioning known as the "paragraph B" criteria, and that his mental impairments were therefore non-severe. AR 28–29 (citing 20 CFR, Part 404, Subpart P, Appendix 1). As to understanding, remembering and applying information, the ALJ noted as follows: 1) medical

---

[4] The source of the form is unclear. Based on the phraseology of the question, however, it does not appear the intention of the question is to ascertain whether, in the treating provider's opinion, the impairments would meet the 12-month durational requirement of 20 C.F.R. §§ 416.909. If so, the question is imprecisely phrased.

records reflecting some instances of intact memory and other instances of impaired memory; 2) Plaintiff's ability to manage doctor's appointments, take medications, and perform other daily activities; and, 3) his ability to provide information regarding health and work history, to follow instructions from healthcare providers, comply with treatment, and respond to questions from providers. AR 29. As to social interaction the ALJ noted that, notwithstanding some instances of loud and pressured speech, on examination he was generally cooperative, made direct eye contact and had normal thought content. *Id.* As to concentration, persistence, and pace, the ALJ noted that he reported helping his wife with chores and demonstrated alertness on examination. *Id.* Finally, as to adapting and managing one's self, notwithstanding that he presented with depressed or anxious mood, examination notes also reflected appropriate grooming and hygiene, normal insight, denial of suicidal ideation or hallucination, alertness, orientation, and improving insight and judgment (albeit with some deficits noted). AR 29.

Plaintiff underscores a variety of mental health records he contends support a different conclusion as to the severity of his mental health impairments.

First, Plaintiff underscores a walk-in urgent care visit for auditory hallucinations which encouraged him to cause violence to others. Br. at 19. However, the ALJ noted other instances where he denied hallucinations. AR 29 (citing Ex. 3F at 2). Affirmance is appropriate where the evidence could reasonably support two conclusions. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997).

Plaintiff cites repeated reports to his treating providers that he suffered anxiety and panic attacks. The ALJ acknowledged his self-reported anxiety (AR 29, citing Ex. 1F at 1) and indeed found it to be a medically determinable impairment. Self-reported anxiety and panic attacks do not compel the conclusion that the impairments caused more than mild limitations in work-related functionality under the four paragraph B criteria.

Plaintiff underscores that he attended monthly check-ins with D.N.P. Bastien to manage his medications. The ALJ acknowledged his medication regimen, including the fact that he responded well to medication and responded poorly when he was non-compliant. AR 30 (citing Ex. 10F at 13, 16, 19, 21). Those facts do not support a finding of more than mild limitations in the paragraph B criteria such that his mental health impairments were therefore severe. Indeed, those facts support the opposite conclusion. *See Dorrell v. Colvin*, 670 Fed. Appx. 480, 480 (9th Cir. 2016) (unpublished) (holding the ALJ appropriately found depression non-severe where it was responsive to medication).

Plaintiff underscores records documenting memory loss and flight of ideas. Br. at 19. The ALJ acknowledged records of impaired memory (AR 30, citing Ex. 10F at 29), and also noted countervailing instances of intact memory (AR 29, citing Ex. 3F at 3), and his demonstrated ability to provide information about his health, recite his work history, and manage medications (*Id.*). Further, the ALJ noted that D.N.P. Bastien (whose opinion Plaintiff contends should have been credited as true) in fact opined that Plaintiff had no significant impairment in his memory. AR 31.

In short, Plaintiff's cited examples do not undermine the ALJ's decision. The ALJ's non-severity finding was reasonably supported by Plaintiff's mental health records.

Finally, the ALJ's conclusion was supported by the opinions of the non-examining state agency physicians who reviewed Plaintiff's treatment records and concluded that his impairments were not severe. AR 86-89, 96-102; *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (noting that the opinion of a non-examining physician (such as a state agency physician) may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record.").

In sum, the ALJ's conclusion that Plaintiff's mental health impairments were non-severe was supported by substantial evidence, and his related decision to reject D.N.P. Bastien's opinion

was supported by germane reasons.

### VIII. Conclusion and Order

For the reasons stated above, the Court finds that substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled. Accordingly, Plaintiff's appeal from the administrative decision of the Commissioner of Social Security is denied. The Clerk of Court is directed to enter judgment in favor of Defendant Kilolo Kijakazi, Commissioner of Social Security, and against Plaintiff Nicholas Perez Valero.

IT IS SO ORDERED.

Dated: **September 3, 2021**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE